[No. 19328.  Department Two.  April 12, 1926.]

*In the Matter of the Estate of* JOHN FRYKHOLM, *Deceased.*[1]

[1] APPEAL (334)—RECORD—EFFECT OF STRIKING STATEMENT OF FACTS. Upon striking the statement of facts in a probate case, an order refusing to make a family allowance must be presumed to be correct, and cannot be reviewed on appeal.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered October 20, 1924, in probate, on final distribution. Affirmed.

*Carl J. Smith* and *Van Dyke & Thomas,* for appellants.

*Wright, Froude, Allen & Hilen,* for respondents.

MAIN, J.—This is an appeal from a final order of distribution in probate.

John Frykholm died intestate December 9, 1911. Mary Frykholm, his widow, the appellant here, was on December 9, 1911, appointed administratrix of the estate of the deceased.  On or about December 4, 1920,

¹Reported in 244 Pac. 967.

the appellant filed a petition in the proceeding asking for a family allowance. This petition was not disposed of until October 20, 1924, when the final decree of settlement and distribution was entered. In that decree the court declined to set aside anything to the appellant as a family allowance. It is from this order that the appeal is prosecuted.

[1, 2] On the 29th day of October, 1925, and prior to the hearing of the cause on the merits in this court, the statement of facts was on motion stricken. There is a presumption in favor of the correctness of the decree of the trial court and, if there are any circumstances under which the court would be justified in declining to make a family allowance, the judgment must of necessity be affirmed. In *State ex rel. Speckart v. Superior Court*, 48 Wash. 141, 92 Pac. 942, it was held, under the facts of that case, that there could be no allowance. Since we cannot consider the statement of facts which has been stricken, and since there is a presumption in favor of the order of the trial court, it follows that the judgment must be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.